## JOE WILSON v. STATE.

No. A-1655.    Opinion Filed March 21, 1914.

(139 Pac. 528.)

1.    APPEAL—Frivolous Assignments. An appeal should not be taken from a judgment of conviction when there is no merit in any assignment brought and clearly no prejudicial error in the record of the trial.

2. **HOMICIDE—Appeal—Trivial Irregularities.** A person who is tried for murder and convicted of manslaughter in the second degree on facts which disclose no element of manslaughter in the second degree, and which would have warranted a conviction of murder, is in no attitude to complain in this court of trivial irregularities.

3. **COURTS—Opinion—Frivolous Appeal.** An extended opinion should not be written by this court, when there are no meritorious questions to consider.

*Appeal from District Court, Grady County;*
*Frank M. Bailey, Judge.*

Joe Wilson was convicted of manslaughter, and appeals. Affirmed.

*Stuart, Cruce & Gilbert,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, P. J. The plaintiff in error, Joe Wilson, was put on trial at the October, 1911, term of the district court of Grady county, on a charge of murder, and convicted of manslaughter in the second degree. His punishment was fixed by the court at imprisonment in the state penitentiary for a period of four years.

The homicide out of which this conviction grew was committed in the town of Chickasha on the night of the 29th of September, 1911. It appears that plaintiff in error and deceased had had some trouble prior to the homicide; that on this evening they were drinking; that plaintiff in error had owned a dangerous knife which had been sent from the Philippine Islands by his sister; that he had pawned the same; and that on this particular evening had redeemed it; that during the early hours of the evening he had had some words with the deceased and one Holcomb; that a brother of the accused was with Holcomb and the deceased. They separated, going in different directions, and later met again, when Holcomb and the accused became engaged in a difficulty. Some of the witnesses testify that deceased pulled Holcomb back from the contest in an effort to settle the difficulty. Others say he was advancing upon the accused in a threatening manner, but none say he was armed or doing any

injury of any kind. The wound that caused the death was a deep stab into the abdomen; the blade of the knife severing an artery in the liver, death resulting in a short time.

A careful consideration of the record clearly indicates that a miscarriage of justice resulted in this case when the jury returned a verdict finding the accused guilty of manslaughter in the second degree. The evidence amply warranted a verdict of murder, and certainly nothing less than manslaughter in the first degree. There is not an assignment of error urged which has a semblance of merit. The accused had a fair and impartial trial, without error as against him. There is absolutely no merit in the appeal, and it should not have been brought.

The judgment of the trial court is affirmed.

DOYLE and FURMAN, JJ., concur.